UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS ZDANOWSKI,

                         Plaintiff,                5:17-CV-0127
                                                  (GTS/DEP)

v.

DIGITAL HEALTH DEP'T, INC.,

                         Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

SUGARMAN LAW FIRM LLP            JEFFREY M. NARUS, ESQ.
  Counsel for Plaintiff
211 West Jefferson Street
Syracuse, NY 13202

BRYAN CAVE LLP                     PHILIP E. KARMEL, ESQ.
  Counsel for Defendant              JACQUELYN N. SCHELL, ESQ.
1290 Avenue of the Americas
New York, NY 10104

GLENN T. SUDDABY, Chief United States District Judge

## <u>DECISION and ORDER</u>

       Currently before the Court, in this breach-of-contract action filed by Thomas Zdanowski

("Plaintiff") against Digital Health Department, Inc. ("Defendant"), is Defendant's motion to

dismiss Plaintiff's Complaint with prejudice for failure to state a claim pursuant to Fed. R. Civ.

P. 12(b)(6), and Plaintiff's cross-motion to amend pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt.

Nos. 7, 10.) For the reasons set forth below, Defendant's motion to dismiss is granted in part

and denied in part, and Plaintiff's cross-motion to amend is denied without prejudice.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows: (1) on February 8, 2008, Plaintiff entered into an invoicing agreement (the "Agreement") with Garrison Enterprises; (2) pursuant to the Agreement, Plaintiff would loan $100,000 to Garrison Enterprises at an annual interest rate of eighteen percent; (3) the Agreement matured on December 31, 2012; (4) since that time Plaintiff has not been paid the principal or interest due according to the Agreement; (5) in February 2013, all or substantially all of Garrison Enterprises' assets were sold to Defendant, which has refused to pay Plaintiff; (6) because of the continuity of ownership, management, personnel, and general business operation, the uninterrupted continuation of business after Garrison Enterprises was acquired and the dissolution of Garrison Enterprises, a de facto merger occurred between Garrison Enterprises and Defendant; (7) because a de facto merger occurred, Defendant is liable for the debts of Garrison Enterprises, including the liability to Plaintiff for breaching the Agreement; and (8) Defendant is in debt to Plaintiff for the original $100,000 loan plus $57,978.12 in interest pursuant to the Agreement. (*See generally* Dkt. No. 2 [Plf.'s Compl.].)  Based on these factual allegations, Plaintiff's Complaint asserts a claim of breach of contract.  (*Id.*)   Familiarity with the factual allegations supporting this claim in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B.     Parties' Briefing on Defendant's Motion to Dismiss

Generally, in support of its motion to dismiss, Defendant argues as follows: (1) Defendant was not a party to the Agreement and is not restricted by its terms; (2) Plaintiff has

not alleged facts plausibly suggesting all four elements of the de facto merger theory of successor liability; (3) with respect to the first element (i.e., the continuation of management, personnel, physical location, assets, and general business operations of the seller), Plaintiff has named only one person; (4) with respect to the second element (i.e., the continuity of shareholders achieved by paying for the acquired assets via transfer, to the seller's shareholders, of shares in the purchasing corporation), continuity of shareholders between the transferor and the transferee did not exist as Plaintiff has inferred because Defendant paid cash for Garrison Enterprises, which was easily discoverable with the pre-lawsuit inquiry; (5) with respect to the third element (i.e., the seller ceasing its ordinary business operations, liquidating, and dissolving as soon as legally and practically possible), Plaintiff has not alleged that Garrison Enterprises ceased its ordinary business operations, liquidated, and dissolved as soon as legally and practically possible after the sale; (6) with respect to the fourth element (i.e., the assumption by the purchaser of those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller), a provision in the Agreement that binds "successors and assignees" does not prove that a stranger to the Agreement is bound by its terms. (*See generally* Dkt. No. 7, Attach. 3 [Def.'s Memo. of Law].)

Generally, in Plaintiff's response to Defendant's motion, he argues as follows: (1) Defendant's denial of the truth of Plaintiff's allegation is unavailing because the allegations in Plaintiff's Complaint must be taken as true for the purposes of a claim under Fed. R. Civ. P. 12(b)(6); (2) the original Complaint alleges enough facts to plausibly suggest a de facto merger between Defendant and Garrison Enterprises; (3) if the Court does not find the original claim survives a motion to dismiss, Plaintiff alleges in his Amended Complaint another exception to

the rule against successor liability, i.e., the mere-continuation theory of successor liability; (4) at the time of the sale, the officers and directors of both Garrison Enterprises and Defendant were the same, including Rahul Saxena serving as CEO of both companies, satisfying the first element of mere continuation (only one corporation remained after the transfer); (5) at the time Garrison Enterprises sold all or substantially all of its assets to Defendant, Seraph Group was the same shareholder of both Defendant and Garrison Enterprises, satisfying the second element (identity of stockholders and directors between the two corporations); (6) the sale of all of the assets of Garrison Enterprises was for less than fair market value, satisfying the third element (inadequate consideration for the purchase); (7) Defendant and Garrison Enterprises entered into the sale in order to avoid paying Plaintiff, satisfying the fourth element (lack of some elements of a good faith purchaser for value). (*See generally* Dkt. No. 10, Attach. 4 [Plf.'s Opp'n Memo. of Law].)

Generally in its reply, Defendant argues as follows: (1) Plaintiff has done nothing to cure the pleading defects in his breach-of-contract claim under a de facto merger theory of successor liability; (2) Plaintiff's Complaint is a formulaic recitation of the four elements of a mere-continuation theory of successor liability, and Plaintiff's allegations are unwarranted deductions of fact; (2) with regard to the first element (i.e., the existence of only one corporation remaining after the transfer of assets), Plaintiff failed to allege any facts plausibly suggesting that only one corporation remained after the transfer of assets; (3) with regard to the second element (i.e., the identify of stockholders and directors between the two corporations), the identity of one person does not satisfy the requirement of the identify of stockholders and directors between corporations; (4) with regard to the third element (i.e., the existence of inadequate consideration for the purchase), Plaintiff does not allege any facts plausibly suggesting inadequate

consideration for the sale of Garrison Enterprises (and he does specify what constitutes adequate consideration for the sale of Garrison Enterprises); and (5) with regard to the fourth element (i.e., the lack of some of the elements of a good-faith purchaser for value), Plaintiff has failed to allege facts plausibly suggesting that Defendant was not a good-faith purchaser. (*See generally* Dkt. No. 11 [Def.'s Reply Memo. of Law].)

### C. Parties Briefing on Plaintiff's Cross-Motion to Amend

Generally, in support of its motion to amend, Plaintiff argues as follows: (1) pursuant to Fed. R. Civ. P. 15(a)(1)(B), he is allowed to amend the complaint as a matter of right within twenty one days after the service of his complaint; (2) absent undue delay, bad faith, or undue prejudice, leave to amend should be freely given; (3) leave to amend must be given so the case may be resolved on the merits, as the Federal Rules intend; and (4) leave is necessary for Plaintiff to allege new facts in support of an additional claim, mere continuation. (*See generally* Dkt. No. 10 [Plf.'s Reply Memo. of Law].)

Generally, in Defendant's response to Plaintiff's motion, he argues as follows: (1) Plaintiff has failed to satisfy the standard to amend his Complaint; (2) Plaintiff's proposed amendments with respect to the de facto merger theory of successor liability have done nothing to correct the pleading deficiencies of his breach-of-contract claim, rendering the claim futile; (3) Plaintiff's proposed amendment to add a mere continuation claim is also futile because he has not alleged facts plausibly suggesting that theory; and (4) although the Court must take Plaintiff's amended claims as true, the majority of them are false, and a reasonable pre-suit inquiry would reveal the falsity of those claims. (*See generally* Dkt. No. 11 [Def.'s Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form

of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[2] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[3]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

---

[1]     *See Vega v. Artus*, 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[2]     *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega*, 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

[3]     It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4)

any matter of which the court can take judicial notice for the factual background of the case.[4]

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion

to dismiss for failure to state a claim may be considered as effectively amending the allegations

---

[4]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

of his complaint–to the extent those papers are consistent with the allegations in the complaint.[5]

To the extent that a defendant's motion for summary judgment under Fed. R. Civ. P. 56 is based

entirely on the Plaintiff's complaint, such a motion is functionally the same as a motion to

dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Wade v. Tiffin Motorhomes,*

*Inc.*, 05-CV-1458, 2009 WL 3629674, at *3 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.). In such

cases, a trial judge deciding a motion for summary judgment may, where appropriate, dismiss for

failure to state a claim. *Wade*, 2009 WL 3629674, at *3 (citations omitted). For the sake of

brevity, the Court will not recite, in this Decision and Order, the well-known legal standard

governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will

direct the reader to the Court's decision in *Wade*, 2009 WL 3629674, at *3-5.

**B.      Legal Standard Governing a Motion to Amend**

The decision whether to grant a motion to amend a complaint lies within the discretion of

the Court. Fed. R. Civ. P. 15(a). Granting leave to amend a complaint "'shall be freely given

when justice so requires.'" *Forman v. Davis,* 371 U.S. 178, 182 (1962), quoting Fed. R. Civ. P.

15[a]). Leave to amend a complaint should be denied only in the face of undue delay, bad faith,

_____

[5]      *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly

failed to cure deficiencies in previous amendments. *Forman,* 371 U.S. at 182, 83; *Kropelnicki v.*

*Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.,* 101 F.3d 263, 271-72

[2d Cir. 1996]).

       C.      **Legal Standards Governing Plaintiff's Theories of Liability**

Because the parties to this action have demonstrated, in their memoranda of law, an

accurate understanding of the legal standards governing Plaintiff's theories of liability in this

action, the Court will not recite, in their entirety, those legal standards in this Decision and

Order, which (again) is intended primarily for the review of the parties.[6] (*See generally* Dkt. No.

7, Attach. 3 [Def.'s Memo. of Law]; Dkt. No. 10, Attach. 4 [Plf.'s Opp'n Memo. of Law]; Dkt.

No. 11 [Def.'s Reply Memo. of Law].)

## III.    ANALYSIS

       A.      **Whether Plaintiff's Claim for Breach of Contract Under the De Facto Merger Exception to the Rule Against Successor Liability Should Be Dismissed**

After carefully considering the matter, the Court answers this question in the affirmative

generally for the reasons stated in Defendant's memoranda of law. *See*, *supra*, Part I.B. of this

Decision and Order. To those reasons, the Court adds only two points.

First, for Plaintiff to state a claim under a theory of successor liability (specifically, a de

facto merger theory of successor liability), Plaintiff must allege facts plausibly suggesting the

four elements of a de facto merger. *Lattimore & Assocs, LLC v. Steakhouse, Inc.*, 10-CV-14744,

---

[6]     The Court notes that both parties stipulate that North Carolina Law governs Plaintiff's claims.

2012 WL 1925729, at *11 (N.C. Super. Ct. May 25, 2012).  Plaintiff has not done so here–specifically, with regard to the fourth element (i.e., the assumption by the purchaser of the liabilities and obligations of the seller) and part of the first element (i.e., the continuation of management personnel).

Second, although Plaintiff's breach-of-contract claim is deficient, the Court believes it may be possible for Plaintiff to amend his Complaint to sufficiently allege the elements of a theory of successor liability (specifically, a de facto merger theory of successor liability).  As a result, the Court will afford Plaintiff a reasonable opportunity to correct the pleading deficiencies in this breach-of-contract claim.  *See Cresci v. Mohawk Valley Cmty. Coll.*, No. 15-3234, 2017 WL 2392470, at *3 (2d Cir. June 2, 2017) ("[T]he District Court . . . [erred in] denying Cresci an opportunity to amend after the court . . . [granted] Defendant's motion to dismiss.").

**B.      Whether Plaintiff's Cross-Motion to Amend Should Be Granted**

**1.      Whether a Cross-Motion Was Necessary**

After carefully considering the matter, the Court answers this question in the negative. Plaintiff originally filed his Amended Complaint as an unsigned attachment to a cross-motion to amend.  However, the Amended Complaint was filed within the twenty-one days of the service of Defendant's motion to dismiss, as permitted by Fed. R. Civ. P. 15(a)(1)(A).  Therefore, a signed Amended Complaint could have been filed as of right.  However, Plaintiff did not sign his Amended Complaint; rather, proceeding by counsel, he chose to file a motion to amend.  As a result, the Court must decide that motion.

While the Court finds no undue delay, bad faith, undue prejudice, or repeated failure to cure pleading deficiencies, one of the prongs of the legal standard governing a motion to amend

regards an examination of whether the proposed pleading is futile (i.e., whether the proposed claim states a claim upon which relief can be granted). *See, supra,* Part II.B. of this Decision and Order. As a result, the Court will analyze whether Plaintiff's proposed claim is futile.

   2.    **Whether Plaintiff's Proposed Claim for Breach of Contract Under the Mere-Continuation Exception to the Rule Against Successor Liability Is Futile**

After carefully considering the matter, the Court answers this question in the affirmative generally for the reasons stated in Defendant's memoranda of law. *See*, *supra,* Part I.B. of the Decision and Order. To those reasons, the Court adds two points.

First, for Plaintiff to state a claim under a theory of successor liability (specifically, a mere-continuation theory of successor liability), Plaintiff must allege facts plausibly suggesting four elements of a mere continuation. Plaintiff has not done so here–specifically, with regard to the third element (i.e., the existence of inadequate consideration for the purchase) and the fourth element (i.e., the lack of some of the elements of a good-faith purchaser for value).

Second, although Plaintiff's proposed claim is deficient, the Court believes it may be possible for Plaintiff to amend his Complaint to sufficiently allege the elements of a theory of successor liability (specifically, a mere-continuation theory of successor liability). As a result, the Court will afford Plaintiff a reasonable opportunity to correct the pleading deficiencies in this proposed breach-of-contract claim.

   **ACCORDINGLY,** it is

   **ORDERED** that Defendant's motion to dismiss (Dkt. No. 7) is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part**; and it is further

**ORDERED** that Plaintiff's cross-motion to amend (Dkt. No. 10) is <u>**DENIED** without</u> **prejudice**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 2) shall be <u>**DISMISSED**</u> **with prejudice** unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a second motion for leave to file an Amended Complaint that corrects the pleading deficiencies in his claim(s).

Dated: September 5, 2017
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge